a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| D'ANGELO LEE, Plaintiff | CIVIL ACTION NO. 1:19-CV-161-P |
| VERSUS | JUDGE DEE D. DRELL |
| USA, ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint (Doc. 1) filed by pro se Plaintiff, D'Angelo Lee ("Lee") (#37112-177). Lee is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Medical Center in Fort Worth, Texas. Lee complains that he received negligent medical care at St. Francis Cabrini Hospital while he was incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

Because Lee's Complaint (Doc. 1) is identical to one he previously filed in this Court (1:18-cv-1018, Doc. 6), and because Lee does not allege a constitutional violation, Lee's Complaint (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

The Complaint before the Court (Doc. 1) is a duplicate copy of the Complaint previously filed by Lee in 1:18-cv-1018, which was dismissed. In the Complaints, Lee alleges that Dr. Rayburn was authorized by the BOP to perform "outpatient exploration of left upper back of Plaintiff to surgically remove lipoma for biopsy."

(Doc. 1, p. 3). Lee claims that Dr. Rayburn actually performed an unauthorized surgical procedure by "removing a herniation of the muscle through facial defect of the latissimus dorsi." (Doc. 1, p. 3). According to Lee, Dr. Rayburn is a surgeon at St. Francis Cabrini Hospital in Alexandria, Louisiana. (Doc. 1, pp. 3).

According to his surgical discharge summary, Lee underwent an "outpatient exploration of the upper back where [Dr. Rayburn] thought the patient had a lipoma. This turned out to be a herniation of the muscle through a fascial defect of the latissimus dorsi. This was repaired." (Doc. 1-2, p. 20).

## II. Law and Analysis

### A. Lee's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Lee is a federal inmate who has been allowed to proceed in forma pauperis. (Doc. 12). As a prisoner seeking redress from an officer or employee of a governmental entity, Lee's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Lee's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A

complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Lee's Complaint is duplicative.

A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). Because Lee's Complaint is a duplicate of one previously filed and dismissed, Lee's Complaint is subject to dismissal.

### C. Lee cannot state a claim under the Federal Tort Claims Act.

The United States enjoys sovereign immunity from suit. The Court may assert jurisdiction over claims against the United States only where the Government has waived its immunity. Broussard v. United States, 989 F.2d 171, 173 (5th Cir. 1993). "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998) (citing United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992)).

The Federal Tort Claims Act ("FTCA") waives immunity for tortious acts committed by any "employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). For purposes of the FTCA, an "employee of the government" includes "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without

3

compensation." 28 U.S.C. § 2671. The FTCA, however, does not extend to acts of independent contractors. See Linkous, 142 F.3d at 275.

Thus, the United States is immune from suit for the actions of persons who are not United States employees. "[I]f the act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction." See Linkous, 142 F.3d at 275 (citing Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993)).

Lee does not allege that Dr. Rayburn is a BOP doctor or employee of the United States. Rather, Lee alleges that Dr. Rayburn is a surgeon at St. Francis Cabrini Hospital. (Doc. 1, p. 3). The operative report submitted by Lee also indicates that Dr. Rayburn is a physician at St. Francis Cabrini Hospital. (Doc. 1-2, pp. 18-19). According to a letter Lee received from the United States Department of Justice, Dr. Rayburn is not a United States employee. (Doc. 1-2, p. 2). Lee does not provide any allegations or documents contradicting the Government's assertion or otherwise indicating that Dr. Rayburn is a United States employee. Therefore, even assuming Lee's allegations are true, the United States is immune from suit for the alleged negligence of Dr. Rayburn.

### D.  Lee's FTCA claim is untimely.

Even if Lee could state a claim under the FTCA, the claim was not timely filed. According to the denial of Lee's tort claim, Lee was afforded six months from the date of the denial—February 1, 2018—within which to file suit in federal court. This case was filed 12 months later, on February 7, 2019.

### E. Lee cannot state a civil rights or Bivens claim against Dr. Rayburn.

Lee filed his Complaint on the form for prisoners seeking relief under 42 U.S.C. § 1983. (Doc. 1). To raise a claim under § 1983, a plaintiff must allege facts that show: (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Cornish v. Corr. Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005). Lee does not allege or demonstrate that Dr. Rayburn is a state actor or was otherwise acting under color of state law when performing surgery at St. Francis Cabrini Hospital. Therefore Lee cannot state a claim under § 1983.

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by § 1983. Even if Dr. Rayburn is considered a federal actor for purposes of Bivens, Lee alleges that Dr. Rayburn committed negligence rather than a constitutional violation.

Moreover, even if Dr. Rayburn was a federal actor under Bivens and Lee had alleged a constitutional violation, the Bivens claim is prescribed. The statute of limitations for a Bivens action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

5

Federal law determines when a Bivens cause of action accrues. United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). However, the statute of limitations is tolled while a prisoner exhausts his administrative remedies, as required under 42 U.S.C. § 1997e. Starks v. Hollier, 295 F. App'x 664, 665 (5th Cir. 2008).

Lee became aware of the alleged "malpractice" on February 1, 2017. (Doc. 1-2, p. 8). He did not file suit until approximately two years later. Lee does not allege that he pursued administrative remedies through the BOP.[1] Therefore, the limitations period under Bivens expired on February 1, 2018.

### III. Conclusion

Because Lee's Complaint (Doc. 1) is identical to one he previously filed in this Court (1:18-cv-1018, Doc. 6), and because he does not allege a constitutional violation,

---

[1] The Federal Bureau of Prisons has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP–8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP–9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP–11. 28 C.F.R. § 542.15.

Lee's Complaint (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __6th__ day of May, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge